

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. Ella Mae Murphy, President
State Board of Hairdressers
and Cosmetologists
Austin, Texas

Dear Madam:

Opinion No. O-4057
Re: Would the State Board of Hair-
dressers and Cosmetologists be
authorized to follow the scale
of hours set forth and make de-
ductions from students' credit
of hours if students are out of
school for any reason, and a
related question?

Your letter of September 25, 1941, requesting the opinion of this department reads in part as follows:

"We respectfully request that you advise us whether the Board would be authorized to follow the scale of hours, copy of which is enclosed, showing a deduction made from student's credit of hours if student is out of school for any reason. This scale was adopted, made public, and a copy sent out to all schools last December 16, 1940.

"We wish to refer you to Section #11-(a) of Article #734-(b), which states that a school term of not less than one thousand hours is required, but does not state how many more hours could be required.

"If the above question is answered in the negative, would the Board be authorized to adopt a specific ruling and publicize same, re-quiring additional hours where a student is absent from school, instead of deducting as per scale attached?

"We refer you to our letters of June
30th and July 10th which are similar cases
and your replies stating that, since these
questions are involved in case of Alma Price
et vir vs. State Board of Hairdressers and
Cosmetologists which is now pending, you
are withholding opinion."

The "scale of credit due students for time pre-
viously spent in school upon re-entry" is as follows:

"Student Who Has Completed 200 Hours

If Absent.
  Less than 2 Months        Full Credit of Hours Allowed
  2 Months and Longer       No Credit of Hours Allowed

"Student Who Has Completed 201 through 500 Hours

If Absent
  2 Months to 4 Months      1/3 of Hours Allowed
  4 Months and Longer       No Credit on Hours Allowed

"Student Who Has Completed 501 Through 750 Hours

If Absent
  3 Months to 4 Months      1/2 of Hours Allowed
  4 Months to 6 Months      1/5 of Hours Allowed
  6 Months and Longer       No Credit of Hours Allowed

"Student Who Has Completed 751 through 999 Hours

If Absent
  3 Months to 4 Months      3/4 of Hours Allowed
  4 Months to 6 Months      2/3 of Hours Allowed
  6 Months to 1 Year        1/2 of Hours Allowed
  1 Year    to 1½ Years     1/3 of Hours Allowed
  1½ Years to 2 Years       1/4 of Hours Allowed
  2 Years and Longer        No Credit Allowed

"Student Who Has Completed 1000 Hours

  If since April, 1935      Full Credit of Hours
  If Before April, 1935     No Credit of Hours Allowed"

Section 11 of Article 734b, Vernon's Annotated Penal
Code reads as follows:

"Sec. 11. It shall be competent for any person, firm or corporation to apply to the State Board of Hairdressers and Cosmetologists for a certificate of registration as a school of beauty culture upon the payment of One Hundred Dollars ($100).

"(a) No school of Beauty Culture shall be granted a certificate of registration unless it shall employ and maintain upon its staff a sufficient number of instructors, who shall be registered hairdressers or cosmetologists having had at least three (3) years practical experience and high school education or the equivalent thereof, and said instructors shall be required to pass an examination conducted by the Board of Examiners to determine their fitness as teachers, provided, however, that the examination of teachers shall not be required of persons who have been teaching the practice of hairdressing, or cosmetology for three (3) years prior to the passage of this Act; and shall maintain on its staff one Doctor of Medicine, as a consultant, who shall lecture monthly on sanitation, sterilization and the use of antiseptics consistant with the practical and theoretical requirements as to the classified occupations as provided by this Act, and shall possess apparatus and equipment for the proper and full teaching of all subjects of its curriculum; shall keep a daily record of the attendance of students; maintain regular class and instruction hours, establish grades and hold examinations before issuing diplomas, and shall require a school term of not less than one thousand (1,000) hours to be completed in not less than six (6) months for a complete course of all or a majority of the practices of hairdressing and cosmetology."

Sub-section (b) of Section 4, Article 734b, supra, provides:

"The majority members of the Board shall constitute a quorum for the transaction of

business. The Board shall prescribe the
rules for its government and have a seal
with which to authenticate its acts."

Section 9 of the above mentioned statute provides
in effect that the State Board of Hairdressers and Cosmetologists shall hold regular meetings for the examination of
applicants in the capital of the State, on the second Tuesday in January and July of each year, and at such other times
and places as the Board may deem necessary, and such examination shall be conducted under the rules provided by said
Board and shall include practical demonstration and written
and oral tests in reference to the practices for which a
license is applied for, and such related subjects as the
Board may deem necessary for the proper and efficient performance of such practices, and such examination shall include sanitation and hygiene, the use of cosmetics, the
application of electrical and mechanical equipment and appliances, anatomy and dermatology, and such other kindred
subjects as may be necessary and prescribed by the Board to
determine one's fitness and qualifications as a hairdresser
or cosmetologist.

Section 10 of the above mentioned article authorizes the State Board of Hairdressers and Cosmetologists to
prescribe such sanitary rules as it may determine necessary
with particular reference to the precautions necessary to
be employed to prevent the spread of infectious and contagious
diseases.

Considering Article 734b, supra, we find that the
Board of Hairdressers and Cosmetologists have been granted
certain expressed power and authority as mentioned therein.
However, we fail to find any provision of the statute specifically authorizing the said Board to set forth and follow
the "scale of hours" and make deductions from students'
credit of hours when students are out of school for any reason. Therefore, we answer the first question, as stated
above, in the negative.

With reference to your second question, it will be
noted that Section 11, Article 734b, supra, requires a school
term of not less than 1,000 hours to be completed in not less
than six months for a complete course of all or a majority

of the practices of hairdressing and cosmetology. We do not think that this statute authorizes the Board of Hairdressers and Cosmetologists to require additional hours of study in an approved school where a student is absent from school for a period of time as indicated in the above mentioned schedule. Therefore, we answer the second question, as stated above, in the negative.

We fail to find any case where the appellate courts of this State have passed upon the questions under consideration. Before the said Board has the legal authority and power to make and adopt a ruling requiring additional hours where a student is absent from school, or before the said Board is authorized to make a deduction from a student's credit of hours because any student is cut of school for any reason, such power and authority will have to be granted by an act of the Legislature.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 16, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:CO


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN